JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 5:20-cv-00485-RGK-KK | Date | January 22, 2021 |
|---|---|---|---|
| Title | *Francisco Torres v. Emerson Electric Co. et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     **(IN CHAMBERS) Order**

    On March 10, 2020, Defendants Emerson Electric Co., Regal Beloit Corporation, and Regal Beloit America, Inc. removed this action from state court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. (Notice of Removal) (ECF No. 1). For the reasons that follow, the Court determines that it lacks subject matter jurisdiction over this case and therefore remands the casae to the state court from which it was removed.

    Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Title 28 U.S.C. § 1447 further provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Diversity jurisdiction under 28 U.S.C. § 1332 "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

    Here, it is undisputed that Plaintiff Francisco Torres ("Torres") is a citizen of California. (*See* Notice of Removal at 5). After removal, the Court permitted Torres to file a First Amended Complaint ("FAC") in which Torres joined four additional parties as defendants, including OSTS, INC. ("OSTS"). Torres failed to identify OSTS's citizenship in the FAC, in violation of Local Rule 8-1. However, Torres served OSTS with a copy of the FAC by executing service upon OSTS's agent for service, Michael Geosano. (Proof of Service) (ECF No. 35). The Court takes judicial notice of the results of a records search from the website of the Secretary of State for the State of California, which indicates that OSTS,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-00485-RGK-KK | Date | January 22, 2021 |
|---|---|---|---|
| Title | *Francisco Torres v. Emerson Electric Co. et al* | | |

INC. is a California corporation whose agent for service of process is Michael Geosano.[1] Because OSTS is a corporation organized under the laws of the State of California, it is therefore a citizen of California. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated[.]"). Accordingly, Plaintiff Torres and Defendant OSTS are both citizens of California and complete diversity among the parties is lacking. The Court therefore **REMANDS** this case to the state court from which it was removed, pursuant to 28 U.S.C. § 1447(e).

**IT IS SO ORDERED.**

Initials of Preparer           _____ : _____

---

[1] Pursuant to Federal Rule of Evidence 201, a court may take judicial notice of adjudicative facts. "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b). The Court finds that results from records searches from the Secretary of State for the State of California corporate search website are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *See L'Garde, Inc. v. Raytheon Space & Airborne Sys.*, 805 F. Supp. 2d 932, 938 (C.D. Cal. 2011) (holding the same).